1  WO

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9  Steven Goldman,                    )   No. CV 11-287-TUC-HCE (lead case)
                                       )   No. CV 11-609-TUC-HCE
10            Plaintiff,               )   **CONSOLIDATED**
                                       )
11  vs.                               )   **ORDER**
                                       )
12                                     )
   Eric Shinseki, Secretary of the Department)
13  of Veterans Affairs; et. al.,     )
                                       )
14            Defendants.             )
                                       )
15  _____)
                                       )
16  Steven Goldman,                    )
                                       )
17            Plaintiff,               )
                                       )
18  vs.                               )
                                       )
19  Eric Shinseki, Secretary of the Department)
   of Veterans Affairs, et al.,       )
20                                     )
                                       )
21  _____)

22

23

24       The Magistrate Judge has jurisdiction over this matter pursuant to the parties'

   consent. *See* 28 U.S.C. § 636(c). (Doc. 14).
25

        Plaintiff has filed a First Amended Complaint in this consolidated matter naming the
26

   following Defendants: Eric Shinseki, Secretary of the Department of Veterans Affairs;
27

   United States Department of Veterans Affairs; Southern Arizona Veterans Affairs Health
28

1  Care Center of Tucson, Arizona; Jonathan Gardner, Director of the Southern Arizona

2  Veterans Affairs Health Care Center; and Jayendra Shah, M.D., Chief of Staff of the

3  Southern Arizona Veterans Affairs Health Care Center.  (Doc. 16).  Plaintiff alleges that

4  Defendants discriminated against him in violation of the Age Discrimination in Employment

5  Act, 29 U.S.C. § 621, *et seq.* (hereinafter "ADEA") including amendments added by the

6  Older Workers Benefit Protection Act of 1990, and that Defendants retaliated against him

7  for complaining of the discrimination, also in violation of the ADEA.

8      Defendants included in their Answer a "Motion to Dismiss Improper Parties." (Doc.

9  17).    According to Defendants, the proper defendant in such a case is the head of the

10  department, agency, or unit, as appropriate and thus, "the Secretary of Veterans Affairs [Eric

11  Shinseki] is the only proper defendant." (Doc. 17 at p.2) (citations omitted).  In response,

12  Plaintiff "agrees to dismiss the Defendants Southern Arizona Veterans Affairs Health Care

13  System [sic] of Tucson, Arizona, Jonathan Gardener [sic], and Jayendra Shah."[1] (Doc. 18).

14  However, "Plaintiff reserves the right to amend the Complaint to add the individual

15  Defendants should matters learned during the discovery process implicate them in related

16  claims for which they may be personally liable." (*Id.*).  Plaintiff's Response does not

17  indicate his position regarding dismissal of Defendant United States Department of Veterans

18  Affairs. Defendants object to any such reservation because the specified defendants are not

19  proper defendants in an ADEA case.  (Doc. 19).

20      Because "[t]he ADEA does not specify who should be named as defendant in an age

21  discrimination action",  the Ninth Circuit relies on Title VII of the Civil Rights Act of 1964,

22  42 U.S.C. §2000e, *et. seq.*,  for guidance on this issue.  *Romain v. Shear,* 799 F.2d 1416,

23  1418 (9th Cir. 1986) (citation omitted).  The Ninth Circuit has held "that 42 U.S.C. §2000e-

24

25

26      [1]The record reflects that the original complaint in CV 11-287 named the same defendants who are named in Plaintiff's First Amended Complaint. (Doc. No. 1). Defendants

27  included a similar motion to dismiss in their Answer (Doc. No. 8) and the parties subsequently stipulated to dismissal of all defendants except Defendant Shinseki. (Doc. No.

28  9).

1   16(c), identifying the proper defendant in Title VII discrimination actions, also applies to age

2   discrimination claims brought under the ADEA." *Id.*   Under section 2000e-16(c), the proper

3   defendant in an ADEA suit filed by a federal employee is "the head of the department,

4   agency, or unit, as appropriate...."   42 U.S.C. §2000e-16(c).   Accordingly, Defendant

5   Shinseki is the only proper defendant with regard to Plaintiff's ADEA discrimination and

6   retaliation claims, and the parties seemingly agree on this issue.[2]  The Court reads Plaintiff's

7   reservation regarding dismissal of the other defendants as Plaintiff's indication that in the

8   event discovery may lead to non-ADEA claims against these defendants, Plaintiff reserves

9   the right to amend the complaint to allege such claims.  Resolution of whether Plaintiff can

10  sue the Defendants on non-ADEA claims is premature, thus Plaintiff's reservation must

11  stand.   All that is before the Court at this point is Defendant's motion to dismiss all

12  Defendants except Defendant Shinseki from the only two claims alleged in Plaintiff's First

13  Amended Complaint both of which arise under the ADEA.  As the law indicates, and the

14  parties agree, such dismissal is warranted.

15         Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 17) is

16  GRANTED and the following Defendants are DISMISSED: United States Department of

17  Veterans Affairs; Southern Arizona Veterans Affairs Health Care Center of Tucson, Arizona;

18  Jonathan Gardner, Director of the Southern Arizona Veterans Affairs Health Care Center;

19  and Jayendra Shah, M.D., Chief of Staff of the Southern Arizona Veterans Affairs Health

20  Care Center.

21         DATED this 24th day of May, 2012.

22

23  _____
                        Héctor C. Estrada
24                  United States Magistrate Judge

25

26

27
         [2]Plaintiff has provided no basis whatsoever as to why Defendant United States
28  Department of Veterans Affairs should not be dismissed.